*Formatted for Electronic Distribution* *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

**In re:**

   **Gary L. Moore and,**                                              Chapter 7 Case
   **Angela L. Moore**                                                 # 19-10095
                **Debtors.**

_____

Filed & Entered
On Docket
09/14/2022

*Appearances:*

| | |
|---|---|
| *Jeffery Dieffenbach* | *Raymond J. Obuchowski, Esq.* |
| *Newport, Rhode Island* | *Bethel, Vermont* |
| *Pro Se* | *Individually and for Debtors Gary and Angela Moore* |
| | |
| *Paul A. Levine, Esq.* | |
| *Albany, New York* | *John J. Kennelly, Esq.* |
| *Chapter 7 Trustee* | *Pratt Vreeland Kennelly Martin & White, Ltd.* |
| | *For Raymond J. Obuchowski, Esq.* |
| *Lisa M. Penpraze* | |
| *Office of the United States Trustee* | |
| *Albany, New York* | |

<u>**MEMORANDUM OF DECISION**</u>
**DENYING CREDITOR'S MOTION FOR SANCTIONS, DEBTORS' MOTION TO STRIKE AND FOR ATTORNEY'S FEES, AND TRUSTEE'S SECOND OBJECTION TO CLAIM**

There are three contested matters pending before the Court. The first matter is Jeffrey Dieffenbach's Motion for Sanctions Against Debtors Gary and Angela Moore and their Attorney Raymond Obuchowski (doc. #57) pursuant to Fed. R. Bankr. P. 9011. Gary and Angela Moore, the Debtors, their counsel, and the Trustee oppose the Motion for Sanctions. In addition, the Debtors have moved to strike the Motion for Sanctions and to recover attorney's fees (doc. #65). Lastly, the Trustee filed a Second Objection to Mr. Dieffenbach's filed proof of claim (doc. #62). The Court held a hearing on these matters on August 26, 2022, and took them under advisement. For the reasons set forth below, the Court denies the Motion for Sanctions. The Court denies the Motion to Strike and Second Objection to Claim as moot.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered on June 22, 2012. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A) and (O), over which the Court has authority to enter a final judgment.

## BACKGROUND

On March 8, 2019, Gary and Angela Moore (the "Debtors") filed a voluntary petition for relief under Chapter 7 of Bankruptcy Code (the "Petition Date") (doc. #1). Two years prior to the Petition Date, the Debtors' business, Angela Moore, Inc., was placed into a state court receivership in Rhode Island (doc. #57, Exhibit 4). Mr. Dieffenbach served as Director of Finance and Bookkeeper at Angela Moore, Inc. from June 2000 to March 2012 and from April 2016 to March 2017 (Id.).

The Debtors received their discharge on June 19, 2019 (doc. #21). On July 9, 2019, Mr. Dieffenbach filed a Notice of Appearance and Request for Notice (doc. #23). Mr. Dieffenbach's Notice of Appearance also included a proof of claim (Id.). In his proof of claim, Mr. Dieffenbach asserts that he is owed $15,500 for "Unpaid Compensation Personally Guaranteed and Causes of Action" with wages of $2,000 having priority status based upon an unpaid balance of his consulting agreement with Angela Moore, Inc. (Claim No. 17 p. 5 (the "Proof of Claim")).

On March 15, 2022, the Trustee filed an Objection to the Proof of Claim on the basis that it should not be considered priority because there were no services rendered to the Debtors within 180 days of the filing of the case (doc #40). The Trustee requested the Court to classify Mr. Dieffenbach's claim as wholly unsecured, while clarifying that the estate's funds would be paid to priority tax creditors and unsecured creditors were not expected to receive a distribution (doc. #40). After finding no basis to hold the Debtors personally liable for services rendered to their corporation, the Court sustained the Trustee's objection and reclassified Mr. Dieffenbach's claim (doc. #48).

## DISCUSSION

### A. Motion for Sanctions

On June 24, 2022, Jeffrey Dieffenbach filed a Motion for Sanctions Against the Debtors and their Attorney Raymond Obuchowski (doc. #57) pursuant to Fed. R. Bankr. P. 9011 (the "Motion for Sanctions"). In the Motion for Sanctions, Mr. Dieffenbach claims the Debtors, with

2

the assistance of their counsel, filed a false and misleading bankruptcy petition and demonstrated disingenuous behavior during the administration of this case for improper purposes as follows:

a) Disclosing Mrs. Moore's wedding ring as exempt with a value of $5,000 which Mr. Dieffenbach believes to be low;

b) Failing to disclose personal property which was listed in a separate insurance binder with Chubb Insurance Company relating to insurance coverage from June 2017 to June 2018;

c) Failing to disclose the existence of two Florida checking accounts at Citizens First Bank of Florida in the name of Mr. Moore, individually, and Mr. Moore in his capacity as the Trustee of the Deuster Family Trust (for the benefit of his mother); and

d) Interfering with the Trustee's administration of this bankruptcy case by providing affidavits and information as requested by the Trustee.

Doc. #57. Mr. Dieffenbach's basis for his personal knowledge about the Debtors' personal financial affairs stems from his position with Angela Moore, Inc. from April 2016 to March of 2017 (doc. #57, Exhibit 4). The Motion for Sanctions does not specify the basis for sanctions under Fed. R. Bankr. P. 9011.[1]

In addition to the foregoing, Mr. Dieffenbach alleges Paul Levine, in his capacity as Chapter 7 Trustee (the "Trustee") failed to: (1) pursue the proceeds from the post-petition sale of Mrs. Moore's wedding ring; (2) provide a copy of the "Chubb List" to Mr. Dieffenbach personally; and (3) contact the Florida bank directly (doc. #57).

In the bankruptcy context, Rule 9011 of the Federal Rules of Bankruptcy Procedure governs the conduct of attorneys and parties when filing papers with the Court. Rule 9011 provides as follows:

> (b) **Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that

---

[1] Under Rule 9011 (c)(1)(A), the so-called "safe harbor provision" which prohibits the filling of a motion for sanctions unless the challenged paper is not withdrawn or corrected within a prescribed time after service of the motion, does not apply if the challenged paper is a petition. *See* Fed. R. Bankr. P. 9011 (c)(1)(A). According to the 1997 Advisory Committee Note to Rule 9011:
> The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the petition. In addition, a petition for relief under chapter 7 or chapter 11 may not be withdrawn unless the court orders dismissal of the case for cause after notice and a hearing.

3

to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

    (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;

    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). Rule 9011 parallels Federal Rule of Civil Procedure 11, containing only such modifications as are appropriate in bankruptcy matters. In re Highgate Equities, Ltd., 279 F.3d 148, 151 (2d Cir. 2002). "[The moving party] has the burden of proof on the appropriateness of [Rule 9011] sanctions. Once a prima facie case has been made, the burden shifts to the party from whom the sanction is sought to show a legitimate purpose for the filing." In re Kliegl Bros. Univ. Elec. Stage Lighting Co., Inc., 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999) (citations omitted). The determination of whether to impose Rule 11 sanctions is committed to the court's sound discretion, Storey v. Cello, 347 F.3d 370, 387 (2d Cir. 2003), and courts should reserve Rule 11 sanctions for extreme cases of misconduct, see, e.g., Krauth v. Executive Telecard, Ltd., 870 F.Supp. 543, 548–49 (S.D.N.Y. 1994). In other words, the imposition of sanctions pursuant to Rule 11 is a dramatic measure. Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir.1994). In exercising its discretion as to whether sanctions are warranted under Rule 11, the Supreme Court has instructed that courts must focus not upon the attorney's subjective good faith belief, but rather upon whether the attorney's conduct was objectively reasonable under the circumstances. Business Guides v. Chromatic Communications Enters, Inc., 498 U.S. 533, 551 (1991).

    The Court will address Mr. Dieffenbach's claims in turn, by allegations related to information in the Debtor's initial filing as of the Petition Date and their alleged interference with the Trustee's administration.

4

1. **Initial Filing**

Mr. Dieffenbach claims the Debtors, with assistance of their counsel filed a "false and misleading bankruptcy petition" (doc. #57). Mr. Dieffenbach fails to allege any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation by the Debtors' filing of their schedules. Fed. R. Bankr. P. 9011(b)(1). The Debtors' schedules reflect that they were clearly in financial distress as of the Petition Date (doc. #10). Mr. Dieffenbach does not assert otherwise. Mr. Dieffenbach does not claim the Debtors' bankruptcy filing was not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Fed. R. Bankr. P. 9011(b)(2). The Debtors sought and obtained a discharge, over three years prior to the filing of the Motion for Sanctions (doc. #21). The Motion for Sanctions is void of any evidence that the Debtors and their counsel intentionally filed a false and misleading bankruptcy petition.

"The signature of an attorney on a petition . . . shall constitute a certification that the attorney has . . . performed a *reasonable investigation* into the circumstances that gave rise to the petition . . . and determined that the petition . . . is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . ." 11 U.S.C. §707(b)(4)(C) (emphasis added). Section 707(b)(4)(D) provides that "[t]he signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge *after an inquiry* that the information in the schedules filed with such petition is incorrect." 11 U.S.C. §707(b)(4)(D) (emphasis added). Courts have found an attorney's obligation to perform a reasonable investigation under §§ 707(b)(4)(C) and (D) to be equivalent to the duty under Rule 9011 to make a reasonable inquiry as to the circumstances giving rise to the bankruptcy petition and all the facts asserted therein. Orton v. Hoffman (In re Kayne), 453 B.R. 372, 381–82 (9th Cir. BAP 2011); Lafayette v. Collins (In re Withrow), 405 B.R. 505, 511 (1st Cir. BAP 2009); Dignity Health v. Seare (In re Seare), 493 B.R. 158, 211 (Bankr. D. Nev. 2013).

Rule 9011, coupled with BAPCPA additions to the Code, evinces a policy that a debtor's attorney exercise independent diligence and care in ensuring that there is evidentiary support for the information contained in his client's bankruptcy schedules. See In re Beinhauer, 570 B.R. 128, 143 (Bankr. E.D. N.Y. 2017). An attorney has an "affirmative duty to conduct a reasonable inquiry into the facts and the law . . . ." Business Guides, Inc. v. Chromatic Communications Enterps., Inc., 498 U.S. 533, 551, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140, 1159 (1991). Whether or not this

duty has been breached depends on the objective reasonableness of the litigant's conduct under the totality of the circumstances. See id.; see also Cohoes Indus. Terminal, Inc., 931 F.2d 222, 227 (2d Cir. 1991); Lancellotti v. Fay, 909 F.2d 15, 18–19 (1st Cir. 1990). For purposes of Rule 9011, a pleading must be judged on the basis of what was reasonable when the pleading was filed rather than in hindsight. See Cruz v. Savage, 896 F.2d 626, 631 (1st Cir. 1990); Davis v. Crush, 862 F.2d 84, 88 (6th Cir. 1988). As the Massachusetts bankruptcy court has observed, what is "[o]bjectively reasonable" is measured by what a competent attorney admitted to practice before the court would do. Hermosilla v. Hermosilla (In re Hermosilla), 450 B.R. 276 (Bankr. D. Mass. 2011), aff'd, No. MB 11-045, 2011 WL 6034487 (B.A.P. 1st Cir. Nov. 14, 2011), accord In re Reither, No. 17-13815-JNF, 2018 WL 5310658, at *36–37 (Bankr. D. Mass. Oct. 25, 2018). To do this, the Court must determine whether a "reasonable attorney in like circumstances could believe his actions to be factually and legally justified." In re Withrow, 405 B.R. at 512 (quoting Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987)).

The record before the Court establishes Attorney Obuchowski met his obligations under the statute and did what a reasonable attorney in like circumstances would do. It is undisputed he performed a reasonable investigation into the Debtor's circumstances prior to the bankruptcy petition being filed. The Debtors filed for bankruptcy protection after the loss of their business, their home, and extracted litigation. Not only did Angela Moore, Inc. end in receivership, but also Birch Wood, Inc., owned completely by the Debtors, filed for bankruptcy protection. Attorney Obuchowski also represented Birch Wood, Inc., in which capacity he had additional background into the Debtors' assets, liabilities, financial affairs and history.

Mr. Dieffenbach's allegations are based upon information he obtained when he consulted with Angela Moore, Inc., over two years before the Petition Date. When Mr. Dieffenbach originally contacted the Trustee in July 2019, the Trustee made a diligent inquiry into the assets specifically identified by Mr. Dieffenbach and sought additional verified statements from the Debtors relating to each piece of personal property identified (doc. #73). The Trustee investigated and responded to Mr. Dieffenbach's allegations. Specifically:

    a. The Trustee determined that a valuable wedding ring had been sold prior to the Petition Date to raise money for living expenses for the Debtors. Mrs. Moore later acquired a ring that is fully exempt under Vermont law.

    b. The Trustee obtained the 2017 insurance binder with Chubb Insurance Company and

   inquired as to the status of several insured items of value. Those assets were disposed of prior to the Petition Date for living expenses for the Debtors. The Debtors attested to the disposition of those assets in separate sworn affidavits.

   c. The Trustee contacted Citizens Bank in Florida regarding two closed accounts but never received a response from the bank. In his business judgment and given the nature of the account as represented by Mr. Dieffenbach and that it was in the name of the Deuster Family Trust, the Trustee did not pursue the matter further from a cost/benefit analysis as it would have little to no relevance to the administration of the estate.

The Debtors and Attorney Obuchowski provided the Trustee detailed information and affidavits to assist with the Trustee's investigation. Ultimately, the investigation by the Trustee revealed that the Debtors' schedules reflected the state of their personal property as of the Petition Date.[2] Mr. Dieffenbach has failed to establish that sanctions under Rule 9011 are warranted and the Motion for Sanctions as it relates to undervalued and undisclosed personal property is denied.

   **2. Interference with Case Administration**

   Mr. Dieffenbach claims Rule 9011 sanctions are proper against the Debtors and their counsel for interfering with the Trustee's administration of the case by providing affidavits and information as requested by the Trustee.

   Rule 9011 governs the conduct of attorneys and parties when filing papers with the Court. See Fed. R. Bankr. P. 9011(b). Like its counterpart Rule 11 of the Federal Rules of Civil Procedure, Rule 9011 seeks to deter baseless filings in bankruptcy proceedings. See In re Jazz Photo Corp., 312 B.R. 524, 531 (Bankr. D.N.J. 2004).

   In support of his position, Mr. Dieffenbach points to email correspondence between Attorney Obuchowski and the Trustee and affidavits of the Debtors requested by the Trustee and provided by Attorney Obuchowski. He argues that the correspondence and affidavits were improperly used to discredit Mr. Dieffenbach with the Trustee and interfere with administration of the case and to frustrate any further attempt to discover and administer valuable undisclosed assets. It is undisputed the emails and affidavits were not filed with the Court prior to being attached as exhibits to the various motions and responses currently before the Court. They were not representations to the Court and cannot form the basis for sanctions under Rule 9011. Curley v.

---

[2] As a party in interest, Mr. Dieffenbach could have pursued his own investigation, had he chosen to do so. See generally, Fed. R. Bankr. P. 2004; 11 U.S.C. §707(b).

Brignoli Curley & Roberts, Associates, 128 F.R.D. 613, 616 (S.D.N.Y. 1989) ("Courts have interpreted [Rule11] to refer only to papers served or filed with the court.")

The Motion for Sanctions alleging improper conduct during the administration of the bankruptcy case is denied.

### B. Motion to Strike and Request for Reimbursement

On July 8, 2022, contemporaneously with their opposition to the Motion for Sanctions, the Debtors filed a request for application of Federal Rule of Bankruptcy Procedure 7012 in this contested matter, accompanied by a Motion to Strike under Fed. R Civ. P. 12 (f) and a request for reimbursement of attorney's fees and expenses (the "Motion to Strike") (doc. #65). The Debtors claim that the timing of the Motion for Sanctions, filed three years after the Petition Date, premised on false or misleading schedules renders the Motion for Sanctions "simply pettifoggery" (Id.). Based upon the timing of the filing of the Motion for Sanctions, the Debtors claim that the safe harbor provision of Fed. R. Bankr. P. 9011(c)(1)(A) should apply since it was not filed in closer proximity to the Petition Date. In their opposition to the Motion to for Sanctions, the Debtors do not argue that the safe harbor provision applies, rather they assert that Mr. Dieffenbach's delay in filing the Motion for Sanctions was unreasonable.[3]

The parties fully briefed the Motion for Sanctions with oppositions being filed by the Debtors and their counsel (doc. #64), counsel for the Debtors' counsel (doc. #67), and the Trustee (doc. #73) and corresponding replies (docs. ##69 and 70). Based upon the record in this case and the reasoning as set forth in subsection A, *supra*, the Court denies the Motion to Strike and request for reimbursement of attorney's fees and expenses as moot.[4]

### C. The Second Objection to Claim

On July 6, 2022, the Trustee filed a Second Objection to Claim No. 17. (the "Second Objection") (Doc. # 62). The Second Objection reiterated that Mr. Dieffenbach served as a consultant to Angela Moore Inc., not the Debtors and no evidence exists to support a personal guaranty from either of the Debtors in contravention to Vermont's statute of frauds.[5] Thus, the

---

[3] The Debtors recognize the plain language of the rule which states the safe harbor provision does not apply if the conduct alleged involves the filing of a petition and claim that the allegations in the Motion for Sanctions were an attempt to circumvent the safe harbor provision.

[4] While the Court agrees with the Debtors that the timing of the Motion for Sanctions is suspect, as the Debtors recognize, there is no evidence before the Court as to Mr. Dieffenbach's access to information as of the time of his first communication with the Trustee during the summer of 2019 (doc. #64).

[5] 12 V.S.A.§181 (2).

Trustee asserts Mr. Dieffenbach's claim should be disallowed in its entirety.[6] In opposition, Mr. Dieffenbach claims that the Second Objection is barred by the doctrine of *res judicata* while arguing nearly identical points he raised in opposition to the Trustee's initial objection to his filed proof of claim (doc. #72). The Court need not consider the arguments set forth in the Second Objection to Claim or the opposition thereto.

It is uncontroverted that the Debtors' assets are insufficient to make a distribution to unsecured creditors. As the Trustee has outlined, the balance of estate funds on or about August 8, 2022, was $26,352.38. After administrative expenses are paid, priority tax claims will be paid. The State of Florida has filed a priority tax claim in the amount of $78,283.60, the City of Newport in the amount of $21,200.00 and the State of Arizona in the amount of $3,285.93. Whether Mr. Dieffenbach has an allowed unsecured claim has little or no practical relevance. "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983).

Because the Debtors' assets are insufficient to make a distribution to general unsecured creditors, the Trustee's Second Objection to Claim is moot. See In re Omega Lithographers, Inc., 17 B.R. 753, 754 (Bankr. M.D. Pa. 1982) (unsecured claim moot given insufficient assets to make distribution to unsecured class).

## CONCLUSION

For the reasons articulated above, the Court denies the Motion for Sanctions (doc. #57), denies the Debtor's Motion to Strike and request for attorney's fees as moot (doc. #65), and overrules the Trustee's Second Objection to Mr. Dieffenbach's filed proof of claim as moot (doc. #62).

This constitutes the Court's findings of fact and conclusions of law.

*/s/ Heather Z. Cooper*

September 14, 2022  
Burlington, Vermont

Hon. Heather Z. Cooper  
United States Bankruptcy Judge

---

[6] In his initial objection to Mr. Dieffenbach's filed proof of claim, the Trustee sought to recharacterize the claim as a general unsecured claim, not disallowance (doc. #40).

9